UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALACK REFRIGERATION COMPANY, INC. d/b/a ALACK CULINARY | * * | CIVIL ACTION NO.: 2:15-cv-756 |
| | * | JUDGE: HELEN G. BERRIGAN |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE: JOSEPH C. WILKINSON, JR. |
| THE W.C. ZABEL COMPANY d/b/a ZABEL'S CULINARY EQUIPMENT & SUPPLIES SUPERSTORES, LEE ZABEL, ROBERT A. ZABEL and ANDREW L. ZABEL | * * * | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(2)

Defendants, Lee Zabel, Robert A. Zabel, and Andrew L. Zabel (hereinafter "Individual Defendants"), submit this Memorandum in Support of Defendants' Motion to Dismiss Under Rule 12(b)(2). The Individual Defendants did not have any contact with Louisiana arising from Plaintiff's alleged causes of action, and they also do not have any continuous and systematic contacts with Louisiana necessary to exercise jurisdiction over them. Furthermore, exercising jurisdiction over them would be unreasonable. As a result, the Court should grant the Individual Defendants' motion to dismiss for lack of personal jurisdiction.

### BACKGROUND

This case arises from alleged business negotiations and a licensing agreement between Plaintiff, a Louisiana corporation, and The W.C. Zabel Company, an Ohio corporation. The Individual Defendants are shareholders and officers of The W.C. Zabel Company ("Zabel" or the "Company"), which supplies restaurant equipment.

Plaintiff filed suit in the 21st Judicial District for the Parish of Tangipahoa, State of Louisiana on January 26, 2015, seeking damages and a writ of sequestration. Plaintiff later added a claim seeking injunctive relief. Defendants were served on February 5, 2015. **(R. Doc. 1-1 at 10 (Defs.' Mot. For Extension of Time).** Defendants removed the case to this Court on March 9, 2015. (**R. Doc. 1).**

Plaintiff alleges that on January 27, 2010, it entered into a licensing agreement with Zabel to allow the Company to use certain logos, databases, and marketing materials and that Zabel failed to pay amounts owed under the agreement. **(R. Doc. 1-1 at 18 Pl Supp. & Amend. Pet. ¶¶ 9, 13-16).** Plaintiff also alleges that the Company and the Individual Defendants violated the licensing agreement by engaging in competition against Plaintiff in Florida. **(R. Doc. 1-1 at 79 Pl 2d Supp. & Amend. Pet. ¶ 57).**

But none of Plaintiff's petitions allege that any of the Individual Defendants ever came to Louisiana or transacted business of any kind with Plaintiff in Louisiana. Instead, all of the allegedly violative conduct relates to contacts with Ohio and Florida. **(R. Doc. 1-1 at 79-80 (Pl 2d Supp. & Amend. Pet. ¶¶ 57-61).** In fact, none of the Individual Defendants have any contacts with Louisiana that relate to the business dealings between Plaintiff and the Company. Furthermore, they do not own any other businesses in Louisiana; they do not have any assets in Louisiana; they do not have any residences in Louisiana; they have not ever filed suit in Louisiana; and they have not ever paid or been subject to taxes in Louisiana.[1] Essentially, their only tie to Louisiana is the Company's business relationship with Plaintiff. As explained more fully below, this lone contact is not sufficient to exercise personal jurisdiction.

---

[1] **Exhibit "A"** – Decl. Lee Zabel; **Exhibit "B"** – Decl. Robert A. Zabel; **Exhibit "C"** – Decl. Andrew L. Zabel

**LAW AND ARGUMENT**

In the context of a motion to dismiss filed pursuant to Rule 12(b)(2), a plaintiff must establish a court's personal jurisdiction over the defendant.[2] Personal jurisdiction refers to a court's power to assert jurisdiction over a person as a necessary precondition to issuing an enforceable order against a specific defendant.[3] "A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution."[4]

With respect to the first prong, this Court must apply Louisiana's long-arm statute, LSA-R.S. 13:3201, because a nonresident defendant is subject to the personal jurisdiction of a federal court sitting in diversity in Louisiana to the same extent that the defendant would be amenable to the jurisdiction of a Louisiana court.[5] Because Louisiana's long-arm statute provides that a court may exercise jurisdiction over a nonresident defendant to the full extent provided by the Due Process clause of the United States Constitution, a Louisiana court need only consider whether exercise of personal jurisdiction meets the following constitutional two due process requirements.[6]

First, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and

---

[2] *See Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994).
[3] *See Burnham v. Superior Court*, 495 U.S. 604, 609-610 (1990).
[4] *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993).
[5] *See Trinity Indus., Inc. v. Myers & Assocs., Ltd.,* 41 F.3d 229, 230 (5th Cir.1995); *see also* Fed. R. Civ. P. 4 (e), (k) (incorporating state long-arm statutes)
[6] *See* LSA-R.S. 13:3201; *Dickson Marine Inc. v. Panalpina, Inc.,* 179 F.3d 331, 336 (5th Cir.1999); *Petrol. Helicopters, Inc. v. Avco Corp.,* 513 So.2d 1188, 1190-91 (La.1987).

substantial justice.'"[7]  Second, it must be reasonable to require the nonresident to defend the lawsuit in the forum state.[8]

## I. THE INDIVIDUAL DEFENDANTS' LACK THE REQUISITE MINIMUM CONTACTS WITH LOUISIANA FOR THE EXERCISE OF PERSONAL JURISDICTION.

There are two categories of minimum contacts sufficient to establish personal jurisdiction: contacts that create specific jurisdiction and contacts that create general jurisdiction.[9]  Neither of these two categories applies to the Individual Defendants here.

### A. The Court Lacks Specific Jurisdiction Over The Individual Defendants Because They Have No Contacts With Louisiana Arising From Plaintiff's Alleged Causes of Action.

"Specific jurisdiction applies when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.' "[10]  "The 'minimum contacts' prong, for specific jurisdiction purposes," can be satisfied by "just a single act" directed at the forum state when it arises from the cause of action at issue.[11]

The activities underlying Plaintiff's alleged causes of action encompass business negotiations and a licensing agreement between Plaintiff and Zabel.  But no part of those negotiations on behalf of Zabel transpired in Louisiana.  None of the Individual Defendants traveled to, or met with Plaintiff or its representatives, in Louisiana.[12]  So the Individual Defendants' participation in the alleged business negotiations that resulted in, and grew from, a licensing agreement with Plaintiff is not a sufficient Louisiana contact

---

[7] *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).
[8] *See Burger King,* 471 U.S. at 476-78.
[9] *See Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.,* 85 F.3d 201, 205 (5th Cir.1996).
[10] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.,* 517 F.3d 235, 243 (5th Cir.2008) (*quoting Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 867 (5th Cir.2001)).
[11] *See Ruston Gas,* 9 F.3d at 419 (*quoting Burger King,* 471 U.S. at 475).
[12] See Exhibits A, B and C.

4

to allow the Court to exercise personal jurisdiction over them. Neither are their alleged signatures on the licensing agreement.

Importantly, the U.S. Fifth Circuit has held that merely contracting with a resident of the forum state is not enough to establish minimum contacts by a nonresident defendant.[13] Furthermore, an exchange of communications in the course of developing and/or carrying out a contract does not, by itself, constitute the required purposeful availment of the benefits and protections of the forum state's law by a non-resident defendant.[14] Otherwise, jurisdiction could be exercised based only on the fortuity that one of the parties happens to reside in the forum state.[15] Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction.[16]

For example, in *Omega Hospital, LLC v. Board of Trustees of the State of North Carolina Teachers' and State Employees' Comprehensive Major Medical Plan, et al.*,[17] this Court held that personal jurisdiction was lacking over a non-resident defendant in a dispute arising out of the plaintiff's telephone discussions with the defendant, a resident of North Carolina, regarding a patient's health plan that was issued by the defendant. The plaintiff contacted the defendant to determine whether the health plan covered the specific care to be rendered at a health care facility in Louisiana. The plaintiff then treated the patient based on the defendant's alleged representation that the care to be rendered was fully covered by the patient's health plan.

After rendering treatment to the patient, the plaintiff submitted claims to the defendant in order to receive reimbursement for the value of the treatment. When the

---

[13] *See Moncrief Oil Intern. Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 2007); *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) (a contract entered into with Texas plaintiffs does not alone establish the sufficient minimum contacts with Texas by a non-resident defendant).
[14] *Moncrief, supra*.
[15] *Id.*
[16] *Id.*
[17] 2008 WL 4286757 (E.D. La. 9/16/08) (Africk, J.).

5

defendant refused to pay, the plaintiff filed suit in Louisiana alleging breach of an oral contract. In response, the defendant filed a Motion to Dismiss on the grounds that this Court lacked personal jurisdiction over it. In granting the defendant's Motion to Dismiss, this Court explained that the defendant's contacts with Louisiana consisted only of two telephone conversations that were unsolicited and were initiated by the plaintiff. Because there was no other evidence suggesting that the defendant had engaged in any affirmative or proactive conduct in Louisiana, whereby it purposefully or intentionally availed itself of the benefits and protections of Louisiana's laws, this Court held that personal jurisdiction was lacking.

As in *Moncrief* and *Omega Hospital*, the Individual Defendants' communication with a Louisiana company and their alleged signatures on the licensing agreement with a Louisiana company are not alone, sufficient to exercise personal jurisdiction over them in Louisiana. This result is particularly warranted where all of Plaintiff's allegations directed at the Individual Defendants relate to conduct that occurred in either Ohio or Florida. Plaintiff alleges that the Individual Defendants set up a competing business in Florida, and Plaintiff also alleges that the Individual Defendants did business in Ohio that also violated the licensing agreement. (**R. Doc. 1-1 at 79-80 (Pl 2d Supp. & Amend. Pet. ¶ ¶ 57-61).** But Plaintiff fails to allege a single Louisiana contact by the Individual Defendants that arises from the causes of action alleged against them. As was the case in *Omega Hospital*, there is no allegation or evidence that the Individual Defendants took any affirmative action to avail themselves of Louisiana's protections and benefits, so the Court should grant the Individual Defendants motion to dismiss for lack of personal jurisdiction.

### B. The Court Lacks General Jurisdiction Over The Individual Defendants Because They Have No 'Continuous And Systematic' Contacts With Louisiana.

General personal jurisdiction exists when a defendant's contacts with the forum state are not related to the cause of action, but are continuous and systematic.[18] "If a defendant has sufficient 'continuous and systematic' general contacts with the state, the forum may exercise general personal jurisdiction over the defendant for a 'cause of action [that] does not arise out of or relate to the [defendant's] activities in the forum state.'"[19]

Plaintiff cannot reasonably argue that the Individual Defendants engaged in any sort of continuous or systematic contact with Louisiana. Two of them live in Ohio.[20] The third lives in Florida.[21] They do not own any businesses in Louisiana or have assets of any kind in Louisiana. They have never solicited business in Louisiana nor had any employees in Louisiana. And they have never filed suit or paid taxes in Louisiana.[22]

In *Charia v. Cigarette Racing Team, Inc.*,[23], the Court held that personal jurisdiction was lacking over a Florida boat builder whose only contact with Louisiana consisted of a sale to the plaintiff and three other Louisiana buyers. In *Charia*, the plaintiff, a resident of New Orleans, saw advertisements which the defendant had placed in several national boating magazines. After speaking to other Louisiana residents who had purchased the defendant's boats, plaintiff wrote from Louisiana to the

---

[18] *See Mink v. AAAA Dev. LLC,* 190 F.3d 333, 336 (5th Cir.1999); *see Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 217 (5th Cir.2000) (stating that in order to show contacts unrelated to the litigation are sufficient to satisfy due process, the contacts must be substantial, continuous, and systematic).
[19] *Guidry v. U.S. Tobacco Co.,* 188 F.3d 619, 624 (5th Cir.1999) (*quoting Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 (citation omitted).
[20] See Exhibits B and C.
[21] See Exhibit A.
[22] *See supra*.
[23] 583 F.2d 184 (5th Cir. 1978)

defendant in Florida, seeking further information. The defendant replied that the boat could be delivered six weeks after an order was placed, and that a deposit of $3,000 was required, with "the balance due upon completion of the boat F.O.B. factory here in Miami." Along with the reply, the defendant sent the plaintiff literature about its boats. Subsequently, several telephone conversations took place, some of which were initiated by the defendant, others by the plaintiff.  Plaintiff gave the defendant a check, drawn on a Louisiana bank, for both the down payment and the eventual balance when the boat was completed.  Plaintiff subsequently filed suit after he began experiencing mechanical problems with the boat.

In response to the plaintiff's lawsuit, the defendant filed a motion to dismiss for lack of personal jurisdiction.  To support its argument that the defendant had minimum contacts with Louisiana, the plaintiff pointed to the fact that, in addition to the contacts cited above, the defendant sold four boats to Louisiana residents in the five-year period of 1971-1975, and that it received $85,000 from other Louisiana residents, in addition to $30,000 it received from the sale to the plaintiff.

In rejecting the plaintiff's argument, the Fifth Circuit noted that the four sales were all shipped FOB Miami, Florida, and there was no evidence that any employee of the defendant was ever present in Louisiana.  The Court also recognized that the defendant had not supplied its product to the forum state in large quantities over a lengthy period of time. Rather, the defendant had only sold four boats in Louisiana in a five-year period, which the Fifth Circuit considered "to be isolated and sporadic."  Because the defendant's isolated sales did not involve purposeful conduct within Louisiana so as to avail itself of the benefits and protections of Louisiana's laws, the Court held that personal jurisdiction was lacking over the defendant.

Similarly, in the present case, the Individual Defendants' only contact with Louisiana is that the business that they own entered into an agreement with a Louisiana corporation. They have not made any sales in Louisiana or engaged in any other business in Louisiana, and they do not own property or other assets or pay taxes in Louisiana. They also have never filed suit in Louisiana. As a result, the Court lacks general jurisdiction over the Individual Defendants and should dismiss them from this suit.

## II. THE EXERCISE OF PERSONAL JURISDICTION OVER THE DEFENDANT WOULD BE UNREASONABLE.

In addressing the reasonableness or fairness of asserting personal jurisdiction, one of the factors to be considered is the burden upon the Defendant to defend the suit in Louisiana.[24] In the present case, the exercise of personal jurisdiction over the Individual Defendants (two residents of Ohio and one resident of Florida), would be unreasonable and unfair. Indeed, there is a substantial distance between this forum and their homes out of state. They have no records here, have no employees here, and have no witnesses here. Therefore, the associated burden and expense of travel on the Individual Defendants would be significant if it were forced to litigate in this Court. For this reason alone, Defendant's motion to dismiss should be granted because the exercise of personal jurisdiction would be patently unfair, unreasonable, and burdensome.

## CONCLUSION

Plaintiff has sued the Individual Defendants in a forum with which they have had no meaningful contact. The only tie to Louisiana that Plaintiff can draw is that The W.C. Zabel Company entered into a licensing agreement with it and negotiated with it by

---

[24] *See, Asahi Metal Indus. v. Superior Court*, 480 U.S. 102 (1987).

phone or e-mail. But this tie to Louisiana hinges merely on the fortuitous fact that Plaintiff is a Louisiana corporation. There is no evidence that the Individual Defendants had any purposeful, affirmative contact with Louisiana. Therefore, this Court should grant their motion to dismiss for lack of personal jurisdiction.

    Respectfully submitted:

**Adams and Reese LLP**

/s/Kellen J. Mathews
V. THOMAS CLARK. JR. (20519)
KELLEN J. MATHEWS (#31860)
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana  70801
Telephone:   (225) 336-5200
Facsimile:   (225) 336-5220
Email: tom.clark@arlaw.com
      kellen.mathews@arlaw.com

    and

GREGORY F. ROUCHELL (#28746)
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, Louisiana  70l39
Telephone:   (504) 581-3234
Facsimile:   (504) 585-0892
Email:  gregory.rouchell@arlaw.com

*Counsel for Defendants,*
*The W.C. Zabel Company, Lee Zabel,*
*Robert A. Zabel and Andrew L. Zabel*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of April, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                                      /s/*Kellen J. Mathews*
                                                      Kellen J. Mathews